09-3657-ag
Jiang v. Holder
BIA
Page, IJ
A097 133 233

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand ten.

PRESENT:

      ROBERT D. SACK,
      REENA RAGGI,
      GERARD E. LYNCH,
         *Circuit Judges*.

_____

LAN YING JIANG,
      *Petitioner*,

      v.                   09-3657-ag
                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      H. Raymond Fasano, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lan Ying Jiang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2009, order of the BIA, affirming the January 30, 2006, decision of Immigration Judge ("IJ") Alan Page, which denied her application for asylum and withholding of removal. *In re Lan Ying Jiang,* No. A097 133 233 (B.I.A. July 31, 2009), *aff'g* No. A097 133 233 (Immig. Ct. N.Y. City Jan. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the aspects of the IJ's decision which were not rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the BIA's determination that Jiang failed to demonstrate that she suffered

persecution on account of a protected ground.  *See* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.13(a).  Although Jiang testified that she did not know why her former coach raped her, she claimed on appeal to the BIA that he did so on account of her membership in the particular social group of "women to whom a Chinese official owes a fiduciary duty which the official violates."  However, assuming arguendo that Jiang has identified a "particular social group" within the meaning of the asylum statute, the BIA reasonably found that Jiang failed to provide evidence suggesting that the coach was motivated by her membership in that particular social group.  *See* 8 C.F.R. § 1208.13(a); *Koudriachova v. Gonzales,* 490 F.3d 255, 261-62 (2d. Cir. 2007).  Indeed, Jiang testified that the rape occurred after she refused her coach's requests to trade sex for a place on the national shooting team, suggesting a "result occasioned by other factors more specific" to Jiang as opposed to her membership in a broader group.  *Koudriachova,* 490 F.3d at 261-62. Accordingly, a reasonable fact-finder would not be compelled to conclude that Jiang's membership in a particular social group was at least one motivation for the harm she suffered. *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```